UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS ANCHETA,<br><br>              Plaintiff,<br>   v.<br><br>GOLDEN EMPIRE MORTGAGE, INC., DBA GEM CAPITAL FUNDING, A CALIFORNIA CORPORATION; FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION; AURORA LOAN SERVICES, A BUSINESS ENTITY, FORM UNKNOWN; TUSCANA PROPERTIES, A BUSINESS ENTITY, FORM UNKNOWN; IBM LENDER BUSINESS PROCESS SERVICES, INC., A BUSINESS ENTITY, FORM UNKNOWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>              Defendants. | Case No.: 10-CV-05589-LHK<br><br><br><br><br>ORDER DISMISSING FEDERAL CLAIMS |

I.    Introduction

Defendants Golden Empire Mortgage, Inc., dba GEM Capital Funding (Golden Empire), First American Title Company, Aurora Loan Services (Aurora), Lexington Enterprises Group, Inc., dba Tuscana Properties, IBM Lender Business Process Services, Inc. (IBM), and Mortgage Electronic Registration Systems, Inc. (together, Defendants) move to dismiss the complaint in this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

1

12(b)(6). *See* Dkt. Nos. 9, 14, 17, 21, 24, 33. Plaintiff, proceeding pro se, submitted no opposition to these four Motions. The Court finds that this matter is suitable for decision without oral argument. Civil Local Rule 7-1(b). Accordingly, the hearing on these Motions, set for March 10, 2011, is hereby VACATED. Because the Court DISMISSES Plaintiff's complaint in part with leave to amend, the Case Management Conference set to follow the March 10, 2011 law and motion hearing is likewise VACATED. For the reasons set forth below, the complaint is DISMISSED in part with prejudice and DISMISSED in part with leave to amend.

II. Background

Although the Complaint omits many relevant facts, the following information can be gathered from the parties' papers and requests for judicial notice. On March 1, 2006, Plaintiff Carlos Ancheta obtained a mortgage loan for $388,000 secured by real property at 2038 Lunder Court, San Jose, California 95131 ("the Property"). Compl. ¶ 18. This primary loan was recorded with the Santa Clara County Recorder's office on March 1, 2006. *See* IBM's Request for Judicial Notice (IBM RJN, Dkt. No. 20, Att. 1) at Ex. 1 (Deed of Trust).[1] Plaintiff alleges, and the Deed of Trust shows, that Golden Empire was the lender under the loan.

On the same date that he obtained the Primary Loan, Plaintiff also obtained a Secondary Loan in the amount of $97,000.00. *See* Compl. ¶ 18. Like the Primary Loan, the Secondary Loan was also secured by the Property. *Id.* Plaintiff states that "this complaint pertains to the First Mortgage." Compl. ¶ 18.

Plaintiff alleges very generally that "DEFENDANTS . . . neither explained the workings of the entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed; nor the inherent volatility of the loan product(s) provided by DEFENDANTS." Compl. ¶ 39. Plaintiff further alleges that the loan was drafted and "explained (to the extent that any of it was actually explained) in English" but that Plaintiff's native language is Tagalog.

Plaintiff defaulted on at least the Primary Loan. A Notice of Default was recorded on April 7, 2009. *See* IBM RJN, Ex. 2. On July 9, 2009, a Notice of Trustee's Sale relating to the Deed of

---

[1] Defendants make an unopposed request that the Court take judicial notice of a number of documents recorded in the Santa Clara County Recorder's Office. Because these are public records, they are judicially noticed pursuant to Fed. R. Evid. 201(b).

2
Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

Trust securing the Primary Loan was recorded. *See* IBM RJN, Ex. 4.  A Trustee's Deed Upon Sale was recorded on October 14, 2010, reflecting that the Property was sold at public auction on March 11, 2010.  *See* IBM RJN, Ex. 5.

On October 25, 2010, Plaintiff filed the underlying Complaint in the Superior Court for Santa Clara County.  On December 9, 2010, the Defendant Aurora Loan Services removed the Complaint to this Court on the basis of original federal jurisdiction over the claims arising under federal law.  *See* Not. of Removal (Dkt. No. 1).

III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  In addition, the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.  Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Id.*, 203 F.3d at 1131.

3

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

IV. Application

The Complaint alleges twenty-nine causes of action against all defendants, often without distinguishing between the actions of different defendants in the various causes of action. The moving defendants seek to dismiss all twenty-nine causes of action. Plaintiff has failed to oppose defendants' Motions or to file a statement of nonopposition as required by Civil Local Rule 7-3(b).

Of the twenty-nine causes of action alleged, only ten claims implicate federal law. The Court will consider only the asserted federal causes of action in this Order. Unless Plaintiff can amend these federal causes of action to state a claim, the remaining claims arising under state law will be remanded to state court.

a. 11 U.S.C. § 544

The only reference to a federal law in plaintiff's third claim is to 11 U.S.C. § 544, a section of the federal Bankruptcy Code. Plaintiff titles his third claim "California Commercial Code § 9313." Under this claim, Plaintiff alleges that "[p]rior to the commencement of this case, the Deed of Trust was transferred from GOLDEN to AURORA. PLAINTIFF alleges on information and belief that no trustee was a holder in due course, and did not deliver to QUALITY or any successor trustee the original promissory note." Compl. ¶ 125. Plaintiff alleges that these actions violated California Commercial Code § 9313. As a result, Plaintiff states that the "unperfected security interest of DEFENDANT is void as to PLAINTIFF by virtue of 11 U.S.C. § 544." Compl. ¶ 127. The Court does not believe Plaintiff's third claim attempts to state a claim for violation of 11 U.S.C. § 544. If it does, Plaintiff has failed to allege sufficient facts explaining how such a claim would arise. Accordingly, this claim is DISMISSED without prejudice. Should the Plaintiff attempt to re-assert this claim, he must clarify whether he intends to prove a violation of 11 U.S.C. § 544 and upon what facts he alleges this claim is based. Failure to do so will result in dismissal with prejudice.

b. TILA

Plaintiff alleges or makes references to Truth In Lending Act (TILA, 15 U.S.C. § 1601 et seq.) violations in his fifth, ninth, twelfth, and twenty-eighth claims. Generally, Plaintiff states that Golden Empire understated the finance charge relating to the Primary Loan. However, Plaintiff

4
Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

does not specify by how much the finance charge was understated. *See* Compl. ¶ 165. Plaintiff also asserts that his TILA claims should be equitably tolled, because "the representative at GOLDEN painted a very rosy picture for Plaintiff" and that "[i]t wasn't till only recently when PLAINTIFF'S payments changed dramatically that they realized what they had gotten themselves into." Compl. ¶ 138. In these claims, Plaintiff asserts a right to damages and rescission under TILA.[2] However, based on the claims as currently pled, it appears that Plaintiff is time-barred from seeking either remedy.

### i. TILA damages

TILA damages claims are subject to a one-year statute of limitations, which generally runs from the date the loan documents are executed. 15 U.S.C. § 1640(e); *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Plaintiff's Primary Loan was signed March 1, 2006. But Plaintiff did not file his Complaint until October 25, 2010, over four years and seven months after the Primary Loan was signed. Therefore, it appears that Plaintiff's claim for TILA damages is time-barred. The one-year bar may be tolled. However, to show that tolling is appropriate, the Plaintiff would need to establish that he could not have discovered his claims before he brought them despite using reasonable diligence. *See Meyer*, 342 F.3d at 902. Plaintiff would need to establish "evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan originator] that prevented" him from discovering his claim. *Id*. As pled, the Complaint does not establish a sufficient basis for equitably tolling Plaintiff's TILA damages claims. Although the Plaintiff asserts that his claims should be tolled because it was not until his payments "changed dramatically" that he realized "what [he] had gotten [himself] into," this is not sufficient to establish that the claims should be equitably tolled from the presumptive deadline of March 1, 2007 to the filing date of October 25, 2010. This is particularly true since Plaintiff apparently defaulted on the Primary Loan as of April, 7, 2009; surely by that point, the Plaintiff became aware of loan terms such as the finance charge. The Ninth Circuit disfavors granting motions to dismiss when equitable tolling is at issue. *Supermail Cargo v. United States*,

---

[2] The Complaint also references Regulation Z. Regulation Z is the TILA implementing regulation. For ease of reference, the Court refers only to TILA, but the Court has also considered Plaintiff's claims relating to Regulation Z.

5

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

68 F.3d 1204, 1206 (9th Cir. 1995). Therefore, Plaintiff's fifth and ninth claims, which pray for damages as a result of TILA violations, are DISMISSED with leave to amend to establish a basis for equitably tolling such a claim. Failure to sufficiently allege facts supporting equitable tolling of this claim will lead to a dismissal with prejudice.

### ii. TILA Rescission

Plaintiff also asserts a right to TILA rescission in his fifth, ninth, twelfth, and twenty-eighth claims. The TILA rescission right expires when the property in question is sold. *See* 15 U.S.C. § 1635 ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). IBM has submitted a recorded Deed of Sale showing that ownership of the property transferred from Plaintiff to the Federal National Mortgage Association in October, 2010. Therefore, it appears that Plaintiff has no right of rescission. Accordingly, Plaintiff's fifth, ninth, twelfth and twenty-eighth claims are DISMISSED with prejudice to the extent that they seek rescission under TILA, as any amendment would be futile. *See Lucas v. Dep't. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

### c. FACTA

Plaintiff's eleventh claim alleges violation of section 212 of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), which amended the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff alleges that his credit score was never disclosed as required by § 212(b) of FACTA. Compl. ¶ 175. Claims for FACTA violations must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Other district courts have found that FACTA claims presumptively accrue on the date of the loan transaction, because it should be clear on this date whether or not a credit score disclosure is made. *Hawkins v. First Horizon Home Loans*, No. S-10-1876 FCD/GGH, 2010 U.S. Dist. LEXIS 124529 at *18-19 (E.D. Cal. Nov. 22, 2010). The non-disclosure alleged in Plaintiff's FACTA claim is similar to the non-disclosures often asserted in TILA claims. Accordingly, the Court finds it appropriate to apply the Ninth Circuit's equitable tolling doctrine from the TILA context. *See Hawkins*, 2010 U.S. Dist. LEXIS 124529 at *18. In order to equitably toll the FACTA violation, the Plaintiff must present some

6
Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

"evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan originator] that prevented" him from discovering his claim. *See Meyer*, 342 F.3d at 902. As currently pled, Plaintiff's FACTA claim appears to be time-barred. Accordingly, this claim is DISMISSED with leave to amend. Failure to sufficiently allege facts supporting equitable tolling of this claim will lead to a dismissal with prejudice.

### d. RESPA

#### i. 12 U.S.C. § 2603

Plaintiff's tenth cause of action asserts violations of the Real Estate Settlement Procedures Act of 1974 (RESPA, 12 U.S.C. 2601 et seq.).[3] In this claim, Plaintiff alleges that he "never received a Settlement Statement <u>prior to close of escrow</u>" and that this failure "triggers an Extended Right to Rescind." Compl. ¶ 171 (emphasis in original). First, many courts in this district have found that there is no implied private right of action under 12 U.S.C. § 2603 (unlike some other sections of RESPA which explicitly grant private rights of action). *See Bloom v. Martin*, 865 F. Supp. 1377, 1384-85; *Hawkins*, 2010 U.S. Dist. LEXIS 124529 at * 17 (citing multiple cases finding no implied private right of action under this section of RESPA). However, the Court finds it unnecessary to reach this question because the Plaintiff has asserted only a right to rescission under this claim. As described above, however, Plaintiff's property was sold in 2009; therefore, Plaintiff's loan no longer exists, and there is nothing to rescind. It appears that this claim is fatally flawed and cannot be cured through amendment. Therefore, this claim is DISMISSED with prejudice.

#### ii. 12 U.S.C. § 2607

Plaintiff's twenty-first and twenty-fourth causes of action refer to violations of RESPA, 12 U.S.C. § 2607. This section prohibits charges other than for services actually rendered. *Id*. The Ninth Circuit has adopted the two-part test set forth by the Department of Housing and Urban Development (HUD) to determine whether or not a fee violates this section of RESPA. *See Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). This test asks "(1) 'whether goods or

---

[3] The Complaint also references Regulation X. Regulation X is the RESPA implementing regulation. For ease of reference, the Court refers only to RESPA, but the Court has also considered Plaintiff's claims relating to Regulation X.

7

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

facilities were actually furnished or services were actually performed for the compensation paid' and if so, (2) 'whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.'". *Id*. (citing HUD's Statements of Policy, Lender Payments to Mortgage Brokers, 64 Fed. Reg. 10080 (Dep't of Housing & Urban Dev., March 1, 1999). Although Plaintiff sets forth this two-part test in the Complaint, he has failed to allege any specific facts to support such a claim.

Although Plaintiff states that he was charged a Yield Spread Premium (YSP), and states in conclusory fashion that this YSP caused unjust enrichment to Defendants and violated RESPA, Plaintiff does not specify what YSP fees he was charged. In addition, it appears likely that Plaintiff's claim for RESPA violations is time-barred. The section of RESPA relating to Yield Spread Premiums and other fees has a one-year statute of limitations, which runs "from the date of occurrence of the violation." *See* 12 U.S.C. § 2614. Plaintiff alleges that his loan closed on March 1, 2006. *See* Compl. ¶ 18. Plaintiff has failed to allege any basis for equitably tolling this claim. Although the Ninth Circuit has not decided whether or not equitable tolling applies to RESPA claims, the Court applies the principles announced by the Ninth Circuit regarding equitable tolling of TILA claims. *See Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1117-1118 (E.D. Cal. 2009). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiff has failed a state a claim for violation of the fee provision of RESPA, and has failed to allege facts supporting equitable tolling of such a claim. Moreover, Plaintiff did not oppose the defendants' various motions to dismiss these claims. Therefore, claims twenty-one and twenty-four are DISMISSED. Because it might be possible to equitably toll this claim, the Plaintiff is given leave to amend. Failure to sufficiently allege the facts underlying this claim (for example, the imposed fees that allegedly violated RESPA) or to allege facts supporting equitable tolling of this claim will lead to a dismissal with prejudice.

e. RICO

Plaintiff's fourteenth claim asserts violations of California's Unfair Competition Law based in part on predicate violations of "Federal R.I.C.O. statutes." Presumably, Plaintiff intends to

8

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

1    reference sections 1962 (c) and (d) of the Racketeer Influenced and Corrupt Organizations Act
2    (RICO). Without distinguishing between defendants, Plaintiff alleges that they worked "closely
3    together" and that "there are 'predicate acts' of" mail fraud, wire fraud, deceit, securities fraud, loss
4    of profit opportunity, false statements, and "stripping the originator/issuer of the ability to pay debt
5    claims or Judgment claims in bankruptcy court.". Compl. ¶ 200-201. This claim appears to have
6    been drafted very generally, without reference to any specific facts relating to Plaintiff's
7    experience. There are no specific facts indicating how Plaintiff was defrauded, or by which
8    defendant(s).

9         Plaintiff's claims do not come close to satisfying the heightened pleading requirements for
10   RICO and fraud claims. *See* Fed. R. Civ. P. 9(b). Rule 9(b) "requires a pleader of fraud to detail
11   with particularity the time, place, and manner of each act of fraud, plus the role of each defendant
12   in each scheme. The Ninth Circuit has repeatedly insisted that this rule be followed in RICO
13   actions alleging the predicate act of mail fraud." *Lancaster Community Hosp. v. Antelope Valley*
14   *Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (internal citations omitted). Plaintiff has not stated a
15   claim for RICO violations in his fourteenth claim. Accordingly, this claim is DISMISSED.
16   Plaintiff is given leave to amend this claim, if he can specifically identify the allegedly fraudulent
17   acts and actors giving rise to a RICO violation. Failure to do so will lead to dismissal with
18   prejudice.

19        f.   HOEPA

20        In Plaintiff's twenty-eighth claim, he alleges wrongful foreclosure under California law.
21   Plaintiff alleges that "Defendants knew or should have known that pursuant to the mandatory
22   provisions of TILA, HOEPA, and Regulation Z, the Notice of Trustee's Sale were rendered null
23   and void for all purposes, by operation of law, by the TILA Rescission Notice, and there was no
24   Notice of Trustee's sale legally in existence upon which to foreclose and that DEFENDANTS were
25   legally barred and prohibited from conducting a Nonjudicial Foreclosure of the Loans, Notes, and
26   Trust Deeds . . . ." Compl. ¶ 288. As discussed above, Plaintiff's TILA claims appear to be time-
27   barred, and Plaintiff is not entitled to TILA rescission as the Property has already been sold. As
28   previously noted, Regulation Z is the TILA implementing regulation. The only federal claim

9

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS

1 referenced in this cause of action and not yet addressed in this Order, then, is HOEPA. Plaintiff does not identify any HOEPA provision allegedly violated, and does not state what acts of which defendants allegedly violated HOEPA. This pleading is simply too vague to state a claim. The Complaint must "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, this claim is DISMISSED with leave to amend. If Plaintiff intends to state a claim for violation of a provision of HOEPA, he must identify what section or sections of the law were violated, and by what acts of which specific defendants. Failure to do so will lead to dismissal with prejudice.

V.  Conclusion

Plaintiff's Complaint is DISMISSED in part with prejudice and DISMISSED in part with leave to amend. Plaintiff must submit any amended complaint, amending his remaining federal claims as specified in this Order, **within 21 days of the date of this Order**. Plaintiff may not add new causes of action or parties without leave of Court or by stipulation of the parties pursuant to Federal Rule of Civil Procedure 15. If Plaintiff fails to amend, or his amendment fails to cure the deficiencies set forth herein, his remaining federal claims will be DISMISSED with prejudice, and the remaining state claims will be remanded to the Superior Court for Santa Clara County.

**IT IS SO ORDERED.**

Dated: March 7, 2011

_____
LUCY H. KOH
United States District Judge

10

Case No.: 10-CV-05589-LHK
ORDER DISMISSING FEDERAL CLAIMS